United States District Court
Southern District of Texas
**ENTERED**
November 04, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID DUANE GREER, a/k/a | § | |
| DAVE DUANE GREER, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-15-3746 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his conviction and thirty-year sentence for felon in possession of a firearm. Respondent filed a motion for summary judgment (Docket Entry No. 20), to which petitioner filed a response (Docket Entry No. 29).

Having considered the motion, the response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this lawsuit for the reasons that follow.

### I. PROCEDURAL BACKGROUND AND CLAIMS

A jury found petitioner guilty of charges for felon in possession of a firearm, enhanced, and assessed punishment at thirty years' imprisonment. The conviction was affirmed on appeal, *Greer v. State*, No. 10–13–00049–CR, 436 S.W.3d 1 (Tex. App. – Waco 2014, no pet.), and discretionary review was not sought. Petitioner's application for state

habeas relief was found non-compliant by the state trial court on collateral review in August

2015 and subsequently denied by the Texas Court of Criminal Appeals in December 2015.

Petitioner timely filed this federal habeas petition, raising the following grounds for

relief:

1.  He was not provided a complete copy of the state trial record for
    post-collateral litigation.

2.  He was denied the right to cross examine witnesses by the introduction
    of testimonial evidence in the form of a vehicle inventory report.

3.  The prosecution erred by

    a.  relying on hypotheticals to commit jurors to the State's case and
        striking jurors who would not commit;

    b.  relying on false testimony and evidence during trial;

    c.  misstating the law during voir dire;

    d.  misstating the law regarding the right to remain silent;

    e.  making improper jury arguments; and

    f.  withholding *Brady* evidence.

4.  Trial counsel was ineffective in

    a.  proceeding under a conflict of interest;

    b.  failing to preserve and present a motion to suppress;

    c.  failing to object to the State's untimely disclosure of a video;

    d.  agreeing to use of a redacted version of the video;

    e.  failing to object to hearsay evidence;

f.     failing to show petitioner the video before trial so he could make an informed decision on proceeding to trial;

g.     failing to object to the introduction of evidence in absence of a proper chain of custody;

h.     failing to object to the prosecutor's statement that petitioner was in jail only for the instant crime;

i.     failing to object to petitioner's absence when a jury note was sent out;

j.     failing to object to the presentation of false evidence by the prosecution;

k.     failing to object to the police inventory report;

l.     failing to prepare the defense witness by having her review the video;

m.     failing to object to misstatements of law;

n.     failing to object to improper jury argument;

o.     failing to object to the jury's taking the video and a video player into deliberations;

p.     failing to object to the video of his custodial interrogation;

q.     failing to pursue exculpatory evidence;

r.     asking the jury to consider evidence in the record;

s.     failing to question a venire person's impartiality; and

t.     making improper jury arguments.

5.     Ineffective assistance of appellate counsel.

Respondent argues that these claims are groundless and should be dismissed.

3

## II.  FACTUAL BACKGROUND

The intermediate state court of appeals set forth the following statement of facts in its

opinion affirming petitioner's conviction.

> Arrest warrants had been issued for Greer and Campbell, who were in a dating relationship with each other. Multiple law enforcement officers had set out to locate Greer and Campbell in order to execute the warrants. When law enforcement located Greer's truck, a traffic stop was initiated. The truck driven by Greer was owned by his father. After about a block of being pursued, Greer was forced to stop when a law enforcement vehicle pulled in front of him. Greer and Campbell got out of the vehicle and were arrested for the warrants.

> After the arrest of Greer and Campbell, the truck was impounded and an inventory search of the vehicle was made. The truck was an extended cab with a small area behind the front seats. A large black leather jacket was found in the area behind the front seats on top of other assorted clothing. A duffle bag filled with Campbell's clothing was also found in the same area. When the black leather jacket was lifted, the officer conducting the inventory noticed that one pocket was substantially heavier than the other. A loaded small .22 revolver was found in the pocket of the jacket.

> When questioned about the jacket at the scene, Greer denied ownership of it. It was noted by law enforcement that when Greer got out of the truck, he was wearing only a tank top and camouflage pants. Campbell was wearing a jacket. The weather was cool. Campbell identified the black leather jacket as belonging to Greer and denied knowledge and ownership of the gun. Campbell asked the officer if Greer was "going to get in trouble for a long time." Campbell stated that she knew that Greer was a convicted felon and that it would be bad if he were caught with a gun. Campbell also told the officer who transported her to jail that she had no idea that there was a gun in the car. At trial, Campbell identified the jacket as belonging to Greer, having been a gift from his mother.

> At trial, Campbell, a convicted felon, claimed that the gun was hers and that she had wrapped it in clothes and stuffed it into the duffle bag. However, the gun had not been found wrapped in clothes nor was it found in the duffle bag.

4

Campbell also erroneously claimed that the black jacket was in the duffle bag and that Greer was wearing a camouflage jacket when they were arrested.

Inside the duffle bag, officers found a .22 long rifle bullet in the pocket of a pair of jeans belonging to Campbell.  However, it was determined that the bullet would not fire in the .22 revolver found in the jacket pocket because it was too long.  The bullet was returned to Campbell without testing or further investigation because officers felt that the bullet was not related to the .22 revolver and was not evidence of another crime.

*Greer*, 436 S.W.3d at 5–6.

## III.   THE APPLICABLE LEGAL STANDARDS

A.     Habeas Review

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U .S.C. § 2254.  Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2).  A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent.  *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

5

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying

factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

      B.    <u>Summary Judgment</u>

      In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

      While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## IV.  STATE COURT RECORD

Petitioner argues that he was denied his due process right to a complete copy of the trial record for post-conviction collateral attack.[1]  In specific, he complains of the following:

(1)    The trial record shows that the jury requested to review the video during deliberations, and that the jury continued its deliberations.  Missing from the record is any note from the jury, trial counsel and petitioner's presence or absence, and the trial judge's response to the jury's request.

(2)    During an unrecorded bench conference, trial counsel informed the court that he was a voluntary and/or reserve county deputy.  Petitioner argues that this status created a *per se* conflict of interest in trial counsel's representation of petitioner against county law enforcement officers.

(3)    Missing from the record are the stipulations to using a redacted portion of the video and that the gun was a firearm, and a copy of the alleged second evidence sheet.

(Docket Entry No. 1, pp. 8–9.)

Because these alleged events do not appear in the record, the Court is unable to ascertain whether or not they harmed petitioner in any way for purposes of collateral review. To the extent petitioner suggests that these omissions themselves stand as a due process violation, the Fifth Circuit has held otherwise.  *See Mullen v. Blackburn*, 808 F.2d 1143, 1146 (5th Cir. 1987) (holding that an incomplete transcript by itself does not merit habeas relief in absence of a showing that it prejudiced the petitioner's appeal).  Consequently, the

---

[1]Petitioner commingles his claims of prosecutorial error with his claims of trial court error.  Both sets of claims rely on the same set of allegations.  This Court finds no merit to petitioner's claims whether raised against the State or against the trial court.

fact that these matters were not transcribed or otherwise do not appear in the trial record does not establish the denial of federal constitutional due process.

Moreover, petitioner does not demonstrate that the events underlying these "missing" incidents in the trial record constitute a constitutional violation. He does not establish that the jury's purported re-viewing of the video violated his constitutional rights. Moreover, he does not argue, much less establish, that he was unaware prior to trial of counsel's alleged status as a voluntary and/or reserve county deputy, nor does he support his conclusory and speculative conflict of interest claim with probative summary judgment evidence in the record. Absent from the record is any complaint from petitioner before or during trial regarding counsel's status or purported conflict of interest. Contrary to petitioner's position, the Court does not find it "obvious" that trial counsel's alleged status, even if true, caused him to labor under an actual conflict of interest throughout petitioner's trial.

Petitioner also complains of "missing" stipulations regarding the video and the firearm. Although the record suggests that stipulations of some type may have been reached as to these items of evidence, petitioner complains that the *exact* stipulations are not of record. *See* 4 R.R. 34; 164. There is no constitutional due process requirement that agreements as to admissibility or other evidentiary stipulations be of record, and petitioner does not in any way demonstrate that he was harmed by the stipulations not being of record. That the parties did not make the parameters of any such stipulations a matter of record does not mean that petitioner was provided an incomplete record for purposes of collateral review.

Moreover, the State elicited testimony from a police officer during trial that the gun, State's Exhibit 11, was "a firearm," 4 R.R. 42, regardless of any stipulation. Petitioner demonstrates no harm, and no federal constitutional violation is shown.

Similarly, any absence in the record of a second inventory sheet, 4 R.R. 156, is not a matter of constitutional dimension. Again, that it was not introduced and admitted into evidence does not mean that petitioner has been provided an "incomplete" record for purposes of collateral review. Petitioner demonstrates no actual harm, and no federal constitutional violation is shown.

Regardless, these are all issues of record that could and should have been raised on direct appeal, not on collateral review. *See Ex Parte Gardner*, 959 S.W.2d 189, 191 (Tex. Crim. App. 1996) (holding that petitioner waived the ability to raise a claim in his habeas petition, in part, because he made no attempt to raise the claim while his direct appeal was pending, even though he could have raised his claim on direct appeal). These claims are procedurally defaulted and barred from consideration at this juncture, and petitioner shows neither cause nor actual prejudice for the default.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

## V.  DENIAL OF CROSS EXAMINATION

Petitioner contends that the State denied him the right to cross examine witnesses by introducing testimonial evidence in the form of a vehicle inventory report. He complains that the deputy who completed and signed the inventory was not brought in to court and he was unable to cross examine him.

The record shows that the vehicle inventory report, State's Exhibit No. 15, was introduced and admitted into evidence without objection from petitioner. 4 R.R. 90. Indeed, defense counsel specifically stated on the record, "No further objection.  Judge, that was actually at our urgence, and that should prevent the deputy from having to testify." *Id.* Consequently, petitioner waived any objections he had to the exhibit, including any objections based on lack of cross examination or presentation of the deputy who completed the inventory.

Regardless, this again was a claim of record that should have been raised on direct appeal, not on collateral review.  The claim is procedurally defaulted and barred from consideration at this juncture, and petitioner shows neither cause nor actual prejudice for the default.

The state court denied habeas relief.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment dismissal of this claim.

## VI.  PROSECUTORIAL ERROR

The appropriate standard of review for a federal habeas claim of prosecutorial error is the narrow one of due process. *Darden v Wainwright*, 477 U.S. 168, 181 (1986).  The relevant question is whether the prosecutor's actions "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.*  "Although the asserted prosecutorial misconduct may have made the defendant's trial less than perfect, that imperfection must have rendered the trial unfair in order to be constitutional error." *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988) (internal quotations omitted).  The test to determine whether a trial is fundamentally unfair is whether there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Id.*

Petitioner asserts prosecutorial error in the following instances.

A.    Hypotheticals

Petitioner complains that the prosecutor denied him a fair trial by using "the exact facts of the case" as a hypothetical during voir dire to commit jurors to the State's case, then striking jurors who would not commit to his view of the case.

In support, petitioner refers the Court to a voir dire discussion between the prosecutor and venire member #37.  3 R.R. 41–42.  During that discussion, the prosecutor asked the venire member whether he drove his truck (with tools) to court and parked it without bringing his tools into the courtroom.  The venire member agreed those facts were true.  He also agreed that the tools remained "in his possession" even though they were not with him.

The Court notes as an initial observation that this was neither a "hypothetical" nor "the exact facts of the case"; nevertheless, petitioner argues that the line of inquiry unlawfully forced the venire member to agree with the State's view of "possession."

Petitioner did not object to the prosecutor's line of questioning at trial, and his objections at this point have been waived. Regardless, the claim is without merit. The prosecutor's line of inquiry allowed a proper consideration of the juror's views of what constitutes possession under the law and whether he could follow the law. It also allowed the prosecutor to explore a proper line of inquiry as to the jurors' ability to reconcile the legal distinctions between "possession" and "ownership," a line of questioning that would be helpful to both the State and the defense during jury selection. *See, e.g.*, 3 RR 45; 65–68. That the State used preemptive strikes on venire members it did not consider sympathetic to its views is speculation on petitioner's part; even so, such actions did not violate petitioner's constitutional rights. Petitioner fails to demonstrate how the State denied him a fair trial in context of its actions during voir dire or in its use of preemptive strikes.

The state court denied petitioner habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

B.     False Testimony

Petitioner next complains that the State relied on false testimony and evidence to

obtain his conviction.  Specifically, he argues that the State's witnesses testified that "it was

petitioner's truck," when the State knew that the vehicle was registered to petitioner's father.

He also argues that a State's witness testified that the black leather jacket was the only jacket

in the vehicle, knowing that petitioner's passenger had been wearing a camouflage jacket and

that petitioner's camouflage jacket was also in the vehicle.[2]

The Fifth Circuit Court of Appeals has discussed the parameters of a habeas claim for

use of false evidence as follows:

> The Supreme Court has repeatedly held that "a conviction obtained through
> false evidence, known to be such by representatives of the State" violates a
> defendant's constitutional rights.   A violation occurs where there is a
> "deliberate deception of court and jury by the presentation of testimony known
> to be perjured."   "The same result obtains when the State, although not
> soliciting false evidence, allows it to go uncorrected when it appears."   To
> obtain relief, [Petitioner] must show "(1) the testimony was actually false, (2)
> the state knew it was false, and (3) the testimony was material." The testimony
> is material if "there is any reasonable likelihood that the false testimony could
> have affected the judgment of the jury."

*Canales v. Stephens*, 765 F.3d 551, 573 (5th Cir. 2014) (citations omitted).

Mere discrepancies between or among the testimonies of witnesses do not, standing

alone, establish the knowing use of perjured or false testimony. *Valles v. Lynaugh*, 835 F.2d

---

[2]Although petitioner makes these statements in his petition, Campbell testified at trial that
she was wearing a black satin jacket and petitioner was wearing a hooded camouflage jacket at
the time of their arrest.  4 R.R. 128.  The video, however, shows that petitioner was not wearing a
jacket and that it was Campbell who was wearing a camouflage jacket.

126, 127 (5th Cir. 1988). Moreover, misleading or false testimony warrants federal habeas relief only when there is a reasonable likelihood that its correction would have affected the jury's verdict. *See Moody v. Johnson*, 139 F.3d 477, 484 (5th Cir. 1998); *Goodwin v. Johnson*. 132 F.3d 162, 185 (5th Cir. 1998).

During opening argument, the prosecutor in this case stated that, "They were in Mr. Greer's pickup. He owns it." 4 R.R. 23. Petitioner, however, did not object to the statement. During direct examination, the State's first witness testified that petitioner and his girlfriend "were in a black Ranger pickup that comes back registered to Greer." 4 R.R. 31. Petitioner did not object to the testimony. The witness later again stated that the truck petitioner had been driving was petitioner's truck. 4 R.R. 56. Petitioner again did not object. However, during his ensuing cross examination of the witness, defense counsel elicited the witness's acknowledgment that the vehicle was actually registered to petitioner's father, Kenneth Greer. 4 R.R. 72–73. No subsequent testimony was presented that petitioner himself "owned" the vehicle. Any error was waived by petitioner's failure to object. *See Scheanette v. Quarterman*, 482 F.3d 815, 823 (5th Cir. 2007) ("We have recognized a federal petitioner's failure to comply with the Texas contemporaneous objection rule as an adequate and independent state procedural bar to federal habeas review."). Regardless, defense counsel elicited testimony from the State's witnesses that the vehicle was registered to petitioner's father, and any potential misunderstanding or ambiguity was corrected. No constitutional harm is shown.

15

Petitioner also complains that, during closing argument, the prosecutor stated, "The only other jacket in that truck was a black leather jacket." Petitioner argues that this was false, because there was also a camouflage jacket. However, a review of the prosecutor's actual argument shows that petitioner has taken the statement out of context. The prosecutor's actual argument was as follows:

> You saw [Campbell] come out of the vehicle wearing a jacket. You heard [Campbell] say that [petitioner] had a camouflage jacket and that she wasn't wearing that camouflage jacket. But we know from watching the video that he wasn't. The only other jacket *in that truck* was a black leather jacket.

4 R.R. 164, emphasis added. Petitioner did not object to the statement. To any extent the witnesses and exhibits presented contradictory evidence, it was up to the jury to reconcile the differences and weigh the credibility of the sources. No perjury is shown.

Petitioner further complains that, during closing argument, the prosecutor repeatedly "lied" that the vehicle belonged to petitioner, even though the State knew it was registered to petitioner's father. A review of the prosecutor's closing argument, however, shows the following:

> You know, Defense counsel gets up here and says, 'being in the backseat of a vehicle.' Well, we're kind of washing over some facts there. It's his vehicle. There is no question. None. We are beyond a shadow of a doubt. The vehicle was his. [Campbell] told you that. *It's registered to his parents, but that's his truck. That's his truck.*
>
> There was no question about that. That's specifically the vehicle that the police were sent to find because it's associated with him. So, No.1, [the gun] is in his vehicle. . . . Again, we are there beyond a shadow of a doubt that this man was exercising care, custody, control or management over that pistol. We know that. Why? Because it was in his vehicle that he was driving.

4 R.R. 178–179.

Contrary to petitioner's assertions, the prosecutor never stated during closing argument that petitioner owned the vehicle. The prosecutor stated that it was registered to petitioner's parents, but that it was petitioner's truck in that he was the one who drove it. Nothing in the record shows that any person other than petitioner drove the vehicle. In this context, it did not constitute perjury for the State or witnesses to refer to the vehicle as "petitioner's vehicle."

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

C.     Misstating the Law

Petitioner alleges that the prosecution denied him a fair trial by misstating the law during trial. In support, he directs the Court to two incidents appearing in the record, neither one of which entitles him to habeas relief.

During voir dire, the prosecutor informed the panel that it was a defendant's constitutional right not to testify. He then asked for the panel's views on why a defendant might elect not to testify. In response, one venire member said that it might incriminate someone else. 3 R.R. 85. Petitioner argues that this was an improper statement on his right to remain silent, entitling him to a new trial. He provides no explanation as to how this

17

exchange was an improper statement of the law, how it violated his right not to testify, or how it denied him a fair trial. Regardless, the record shows that petitioner did not object to the exchange, and any error was waived for purposes of federal habeas review.

As his second incident, petitioner references a comment made by the prosecution that purportedly lessened the State's burden of proof. In his petition, he directs the Court to Volume 4, page 65, lines 4–19 of the Reporter's Record (Docket Entry No. 1, pp. 14–15). No comment regarding the State's burden of proof appears at that cite, and no error is shown.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

D.    Right to Remain Silent

In similar fashion, petitioner complains of purported comments and misstatements by the prosecutor regarding his right to remain silent. During voir dire, the prosecutor referenced an unrelated case where a defendant was charged with assaulting a female. He had previously assaulted two other females. The prosecutor stated that, had the defendant in that instance elected to testify, the two other assaults could have been admissible. The prosecutor noted that this was another example of why a defendant might elect not to testify.

Petitioner did not object to the comment, and any objection has been waived for purposes of federal habeas review. Regardless, petitioner fails to establish how this incident

stood as a misstatement or violation of his right to remain silent, and why it denied him a fair trial. The panel was already aware that petitioner had at least one prior criminal conviction, as it was an element of the charged offense of "felon in possession of a firearm."

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

E.    Improper Jury Arguments

Petitioner claims that the State presented improper jury arguments in (1) saying that the gun was stipulated as a firearm; (2) saying that the State's burden was less than beyond a reasonable doubt; (3) calling Campbell a liar because she had not been wearing a satiny, flowery jacket; and (4) saying that the truck was petitioner's vehicle. The Court has already addressed the fourth complaint, and it will not be readdressed here.

To preserve jury argument error, a defendant must contemporaneously object and obtain an adverse ruling. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). If the objection is sustained, the defendant must request an instruction to disregard the argument and, if granted, must move for mistrial. *Id.* Petitioner objected to none of these comments during closing argument, and any error has been waived for the purpose of federal habeas relief.

19

Regardless, petitioner fails to show prosecutorial error. Whether stipulated as a firearm or not, the gun was introduced into evidence and the jury was able to determine for itself whether it constituted a firearm. During his closing argument, defense counsel argued that there was no proof that it was a firearm. 4 R.R. 173. Nor did the prosecutor err in suggesting Campbell did not tell the truth, as defense counsel also commented that Campbell was not a truthful witness. 4 R.R. 170–71. As to petitioner's second complaint, the State referenced the proper burden of proof during closing argument: "I think we've shown you beyond a reasonable doubt that Dave Greer possessed that gun in Brazos County on or about February 16th, 2012, that he was a convicted felon and that he was within that five-year window." 4 R.R. 167. Although the prosecutor did at one brief point mention that "it does not have to be beyond a reasonable doubt," the context of the comment is unclear in the record and may well have been inadvertent; the prosecutor referenced the correct standard in all other instances. The Court will not find that this one brief comment denied petitioner a fair trial, particularly in light of the prosecutor's use of the proper standard shortly thereafter and the lack of any objection. In any event, the trial court instructed the jury as to the proper burden of proof in the jury charge, which the jury is presumed to have followed. See *United States v. Ebron*, 683 F.3d 105, 132 (5th Cir. 2012). No harm is shown. *See Hughes v. Quarterman*, 530 F.3d 336, 347 (5th Cir. 2008).

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was

an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

      F.     *Brady* Violation

Petitioner complains that the State violated *Brady* by withholding the alleged second inventory list, a dispatch log, and recordings or transcripts, all of which he claims were exculpatory. He proffers no underlying facts establishing the exculpatory nature of these items.

To prevail on a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), petitioner must show that (1) the prosecution suppressed evidence; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material to the defense. *See Derden v. McNeel*, 938 F.2d 605, 617 (5th Cir. 1991). The test for materiality is whether there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.*

Petitioner's conclusory allegations satisfy none of these requirements, and his unsupported claim of a *Brady* violation is insufficient to warrant federal habeas relief. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("Although *pro se* habeas petitions must be construed liberally, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (internal quotation omitted).

Petitioner also contends that the State took active steps to prevent trial counsel's conflict of interest from appearing on the record. Again, petitioner's conclusory allegations

– as to both counsel's conflict and the State's actions – are unsupported in the record, and

he presents no probative summary judgment evidence in support of this claim.

The state court denied habeas relief.  Petitioner fails to show that the state court's

determination was contrary to, or involved an unreasonable application of, federal law or was

an unreasonable determination of the facts based on the evidence in the record.  Respondent

is entitled to summary judgment dismissal of this claim.

## VII.   INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal

defendant the right to the effective assistance of counsel.  U.S. CONST. amend. VI.  A federal

habeas corpus petitioner's claim that he was denied effective assistance of counsel is

measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To

assert a successful ineffectiveness claim, a petitioner must establish both constitutionally

deficient performance by counsel and actual prejudice as a result of counsel's deficient

performance.  *Id.* at 687.  The failure to demonstrate deficient performance or prejudice is

fatal to a *Strickland* claim.  *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of

reasonableness.  *Strickland*, 466 U.S. at 688.  In determining whether counsel's performance

was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor

of finding that trial counsel rendered adequate assistance and that the challenged conduct was

the product of a reasoned trial strategy.  *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996).

To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).  However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694.  To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).  In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

The Supreme Court recently emphasized in *Richter* the manner in which a federal court is to consider an ineffective assistance of counsel claim raised in a habeas petition subject to AEDPA's limitations:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland's* standard.  Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court.  Under AEDPA, though, it is a necessary premise that the two questions are different.  For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.  A state court must be granted a deference and

latitude that are not in operation when the case involves review under the *Strickland* standard itself.

562 U.S. at 101 (internal quotation omitted).

Petitioner asserts a multitude of instances of alleged ineffective assistance, none of which are supported by the record. His groundless arguments are as follows.

A.    Conflict of Interest

Petitioner complains that trial counsel labored under an actual conflict of interest in representing him. As the Court noted earlier, no actual conflict appears in the record.

Two types of conflicts of interest on the part of a defense counsel are recognized in the law: (1) multiple representation cases, in which the defendant must show that an actual conflict of interest adversely affected his lawyer's performance, and (2) cases involving other types of conflicts that might impinge upon an attorney's loyalty to his client, in which the defendant must demonstrate actual prejudice under *Strickland. See Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980).

Here, petitioner's assertions of an actual conflict are conclusory, unsupported in the record, and insufficient to warrant federal habeas relief. The record does not show that counsel worked or volunteered with a reserve county deputy group, that petitioner was unaware of counsel's activity prior to trial, or that such activity caused counsel to have an actual conflict of interest in representing petitioner. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative

24

evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Petitioner does not meet his burden of proof under AEDPA and habeas relief is unwarranted.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

B.    Motion to Suppress

Petitioner asserts that counsel should have set a separate pretrial hearing on the motion to suppress rather than having it carried forward with the trial. This conclusory assertion fails to show that, had counsel proceeded with a separate hearing on the suppression motion, that the motion would have been granted. Petitioner's bald assertion, unsupported and unsupportable by anything contained in the record, has no probative evidentiary value. *Ross*, 694 F.2d at 1011. Accordingly, petitioner demonstrates neither deficient performance nor actual prejudice as to counsel's decision to carry the suppression motion with the trial.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

C.    Failure to Object to Untimely Disclosure

Petitioner next argues that counsel should have objected to the prosecution's failure to disclose the video in a timely manner under state law. He contends that, had counsel objected, there would have been more time to locate an expert witness to testify that the video had been altered.

Petitioner presents no probative evidence that such an expert was available and that the expert would have testified in accordance with petitioner's argument. Moreover, he presents no probative evidence that the video was in any way altered beyond the agreed redactions. His speculative and conclusory arguments warrant no habeas relief. Petitioner establishes neither deficient performance nor actual prejudice in counsel's failure to object to the purportedly untimely and improperly altered video exhibit.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

D.    Redacted Video

Petitioner claims that counsel should not have agreed to the jury viewing a redacted version of the video and that he should have objected to it as altered. As with his other arguments, petitioner presents no probative evidence that such motion would have been granted. Moreover, petitioner fails to overcome the strong presumption that trial counsel's

decisions were sound trial strategy. *See Strickland*, 466 U.S. at 689. Petitioner again establishes neither deficient performance nor actual prejudice.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

E.    Hearsay

Petitioner complains that none of the witnesses was able to testify that, prior to the truck being stopped, petitioner had been driving the vehicle. However, it is uncontested that when the truck was finally brought to a stop, petitioner was its driver. Moreover, a tipster had informed authorities that petitioner and Campbell were in the vehicle so that their outstanding arrest warrants could be executed; it was unnecessary to identify the driver of the vehicle for purposes of executing the warrants.

Regardless, the trial record shows that counsel did object to the tipster's statements and lack of identity; these issues were raised during the recorded bench trial conference on the motion to suppress. Counsel's objections and the motion to suppress were denied. Petitioner demonstrates neither deficient performance nor actual prejudice under *Strickland*.

Petitioner also complains that the State asked a witness to describe Campbell's demeanor when she was shown the jacket, directing the Court to 4 R.R. 86. The record shows that trial counsel objected on grounds of hearsay, and that the objection was sustained.

4 R.R. 85. The prosecutor then rephrased the question to the witness. Petitioner does not establish that the rephrased question elicited hearsay, nor does he show that, had counsel raised a second hearsay objection, the objection would have been sustained. Petitioner further fails to show that, but for counsel's lack of objection, there is a reasonable probability that the result of the trial would have been different. Neither deficient performance nor actual prejudice is shown under *Strickland*.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

F.    Informed Decision

Petitioner next claims that trial counsel should have shown him the video before trial because it would have allowed petitioner to intelligently decide whether to plead guilty or proceed to trial.

Nothing in the record establishes that counsel refused to allow petitioner to view the video. Indeed, there is no proof in the record that petitioner did not view the video at some point prior to trial, or that trial counsel did not thoroughly discuss the contents of the video with petitioner prior to trial. More importantly, petitioner does not argue, much less show, that had he viewed the video prior to trial, he would have accepted a plea bargain offer from

28

the State in lieu of proceeding to trial.  Petitioner establishes neither deficient performance nor actual prejudice under *Strickland*.

The state court denied habeas relief.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment dismissal of this claim.

G.    Chain of Custody

Petitioner argues that trial counsel should have objected to introduction of the gun, DVD, and jacket because the State did not prove up the chain of custody for each item.

"Chain of custody" is covered by Rule 901 of the Texas Rules of Evidence concerning authentication and identification of evidence.  *Davis v. State*, 992 S.W.2d 8, 10–11 (Tex. App. – Houston [1st Dist.] 1996, no pet.).  The gun, DVD, and jacket were all authenticated by a witness with knowledge, as required by the rule.  4 RR 34, 40–41, 143; TEX. R. EVID. 901(a).  Petitioner fails to establish that, had counsel raised a "chain of custody" objection, the evidence would have been excluded.  Neither deficient performance nor actual prejudice is shown under *Strickland*.

The state court denied habeas relief.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment dismissal of this claim.

H.     Prosecution's Comment

Petitioner also complains that counsel should have objected to the prosecutor's comment that petitioner was in jail only for the instant crime. Petitioner faults defense counsel for not pointing out that petitioner had other criminal charges pending against him for which he could be in jail.

Petitioner claims that, as of the time of trial, he was also incarcerated for operating a motor vehicle without registration and for theft of money. However, according to petitioner's own exhibits, the theft case did not require him to post a bond for pretrial release. (Docket Entry No. 1-3, p. 65.) In addition, the citation for no vehicle registration was a fine-only traffic offense that would not have resulted in petitioner's pretrial incarceration. *See* TEX. TRANSP. CODE §§ 502.471, 502.473 (West 2011). Petitioner does not show that, had counsel objected, the objection would have been granted, nor does he show that, but for counsel's failure to object, the results of the trial would have been different. Neither deficient performance nor actual prejudice is shown.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

30

I.     Jury Note

Petitioner complains that trial counsel did not object to petitioner's absence from the courtroom when a jury note was sent out.  However, the record does not reflect petitioner's presence or absence at the time any jury note was sent out.

Even assuming petitioner's factual allegations were supported in the record and that such failure constituted deficient performance, petitioner fails to show that, but for counsel's failure to object, there is a reasonable probability that the result of the trial would have been different.  Petitioner does not establish actual prejudice as to this alleged incident.

The state court denied  habeas relief.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment dismissal of this claim.

J.     False Evidence

Petitioner complains that trial counsel neglected to object to the prosecution's presentation of false evidence.  As "false evidence," petitioner again refers to testimony and comments that the truck was "his" and that the black leather jacket was the only other jacket found in the vehicle.  As discussed earlier, neither of these arguments establishes perjury.

Testimony regarding the jacket or jackets worn by the parties and found within the vehicle was not consistent, and it was up to the jury to resolve the inconsistencies.  Moreover, the evidence showed that the truck was registered to petitioner's father but used by petitioner;

31

consequently, for purposes of the subsequent inventory search, referring to it as petitioner's vehicle would not constitute perjury.

Moreover, it was a matter of trial strategy for counsel to raise any objection at that time, or to wait until cross examination to bring out the fact that petitioner was not the registered owner of the vehicle. Petitioner does not rebut the strong presumption that counsel's actions in waiting until cross examination were reasoned trial strategy.

Regardless, and even assuming deficient performance, petitioner fails to establish actual prejudice. That is, petitioner does not show that, but for counsel's failure to object to the two initial statements by the prosecutor and a State's witness that petitioner "owned" the truck, there is a reasonable probability that the result of the trial would have been different.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

K.   Police Inventory Report

Next, petitioner argues that counsel should have objected to the "illegal incomplete inventory list." Petitioner's argument is factually incorrect. Trial counsel pursued a motion to suppress evidence of the gun, substantially based on the fact that the deputies did not list the gun on the inventory form and thus did not comply with written inventory policies. The trial court, however, disagreed with trial counsel and overruled the motion to suppress. In

32

so doing, the trial court stated, "[A]nd the evidence is very clear that the resulting search was conducted pursuant to their inventory policy. If it was not as thorough as [defense] counsel would have liked, that goes to weight, not admissibility." 4 R.R. 111. Although this ruling was made for purposes of the motion to suppress, petitioner does not establish that the trial court would have ruled any differently had counsel challenged the inventory form apart from the suppression motion. Moreover, petitioner's argument was rejected by the intermediate state court of appeals on direct appeal:

> The inventory form was admitted into evidence that showed the listing of items in Greer's truck. We do not believe that the omission of the gun or the bullet from the inventory listing is sufficient to establish that the trial court abused its discretion in determining that the inventory policy was followed.

> The value of the single bullet was inconsequential and, alone not evidence of a crime or contraband. While the gun should have been listed in the inventory, there is no evidence that it was not, in fact, found in the pocket of the jacket found in the truck. We find that the testimony of the officers that they followed the written policy is sufficient for the trial court to have found that the inventory search was properly conducted.

*Greer*, at 10–11.

Petitioner also argues that trial counsel committed an act tantamount to "treason" when he established that the gun and jacket appeared on a separate evidence list, citing 4 RR 156. Because the trial court had already opined that the issue was one of weight, not admissibility, petitioner does not rebut the strong presumption that counsel's efforts to show non-compliance with the inventory policy was reasoned trial strategy. Nor does petitioner demonstrate that, but for counsel's alleged deficient performance, there is a reasonable

probability that the result of the trial would have been different. The trial court had overruled the motion to suppress and allowed the gun into evidence. That the gun appeared on a different inventory report was of no moment to its admissibility, and neither deficient performance nor actual prejudice is shown.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

L.     Witness Preparation

Petitioner also complains that trial counsel did not prepare Campbell for trial by having her view the video. He apparently contends that, had she viewed the video before trial, she would not have testified that she was wearing a black satin jacket and that petitioner was wearing a camouflage jacket when they were stopped. The video clearly showed that petitioner was not wearing a jacket and that Campbell was wearing a camouflage jacket.

The trial record shows that Campbell admitted she lied to the police officers during her arrest. 4 R.R. 138. The record also shows extensive disagreement between Campbell and the police officers as to what she said regarding ownership of the gun and its location in the vehicle. She disavowed ownership of the gun during her arrest and the inventory search. At trial, however, she testified that it was her gun and that petitioner had not known it was in the vehicle. She explained her prior statements at the scene were based on fear and

34

uncertainty, as well as her distrust of police. Viewing the video prior to trial would not have negated many of the inconsistencies in her testimony and prior statements. Petitioner also fails to show that trial counsel had any opportunity or ability to view the video with Campbell prior to trial. Petitioner does not show that, but for counsel's actions in not showing Campbell the video before trial, there is a reasonable probability that the result of the trial would have been different.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

M.    Misstatement of Law

Petitioner argues that trial counsel failed to object to the prosecution's misstatements of law. In support, petitioner again refers the Court to the State's closing argument, where the prosecutor stated,"[i]t does not have to be beyond a reasonable doubt." 4 RR 165. Respondent argues that this was apparently an isolated mistaken slip by the prosecutor, because "beyond a reasonable doubt" language was used consistently otherwise.

The Court has again carefully reviewed the prosecutor's statement in context of the closing argument, and determines that the prosecutor's phraseology does not appear to have been an intentional misstatement of the law. Shortly after making that statement, the prosecutor stated the correct standard, and used the correct standard throughout the remainder

of closing argument. Moreover, the jury charge informed the jury of the correct standard, and required the jury to apply the correct standard. Nothing in the record shows that the jury did not follow the trial court's instructions in the charge.

Decisions to object or not object during closing argument are matters of trial strategy that are presumed reasonable under *Strickland*. *Wiley v. Puckett*, 969 F.2d 86, 102 (5th Cir. 1992). Petitioner does not rebut that presumption, and no deficient performance is shown. Moreover, petitioner fails to show that, but for counsel's alleged error, there is a reasonable probability that the result of the trial would have been different. Neither deficient performance nor actual prejudice is shown under *Strickland*.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

N.    Improper Jury Argument

Petitioner argues that trial counsel failed to object to the prosecution's improper jury argument. The Court has already determined herein above that petitioner did not establish any improper jury argument by the State. Trial counsel is not deficient for failing to raise frivolous or groundless objections. *See Koch*, 907 F.2d at 527.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was

an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

O.    Video/Video Player

Petitioner contends that trial counsel should have objected to the jury's taking a video player and the video into deliberations. Assuming this event appeared in the state court record, petitioner cites no relevant authority showing that this action was objectionable and that an objection would have been sustained. Nor does petitioner establish that, but for counsel's alleged error, there is a reasonable probability that the result of the trial would have been different. Neither deficient performance nor actual prejudice is shown.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

P.    Custodial Interrogation Video

Petitioner also contends that trial counsel was ineffective in not objecting to the video of his custodial interrogation. By "custodial interrogation," petitioner appears to mean the video of the vehicle stop, arrest, and inventory search, which included questions and answers between petitioner, Campbell, and the officers at the scene.

The record shows that the redacted video was shown first to the jury – there was visual but no audio. The record does not disclose what other redactions may have been

undertaken, as the parties stipulated to its admissibility. Once the audio portion of the video became admissible for impeachment purposes, the unredacted video with audio was played for the jury. 4 R.R. 143. The audio-redacted video was admissible under Texas Code of Criminal Procedure art. 38.22, and the audio portion became admissible for impeachment purposes under section 5. Petitioner demonstrates no basis under which counsel could have successfully objected to the redacted and unredacted videos at the times they were proffered. Nor does he show that, but for counsel's failure to object, there is a reasonable probability that the result of the trial would have been different. Neither deficient performance nor actual prejudice is shown.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

Q.     Exculpatory Evidence

Petitioner states that trial counsel failed to pursue exculpatory evidence. Specifically, he contends that county dispatch logs would have shown that the officers did not confirm petitioner's outstanding arrest warrant until after they arrested him. He argues that the dispatch logs would have proved that the entire incident was an unlawful pretext search.

Petitioner's argument is speculative, conclusory, and unsupported by the record, as he did not submit any dispatch logs to validate his argument. Conclusory arguments,

38

unsupported in the record, do not establish a constitutional violation. *Koch*, 907 F.2d at 530. Petitioner fails to establish deficient performance and actual prejudice under *Strickland*.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

R.     Record Evidence

Petitioner asserts that trial counsel asked the jury to consider detrimental evidence that was not in the record. Under this claim, petitioner complains that counsel elicited detrimental testimony that the gun was listed on a second inventory.

Petitioner's reasoning underlying this argument is unclear. To any extent he contends that counsel's actions helped the appellate court uphold the suppression ruling on appeal, his contention is incorrect. The appellate court recognized that the omission of the gun from the first inventory list did not conform with policy, but it nonetheless upheld the trial court's ruling denying suppression. *Greer*, at 10–11. Petitioner demonstrates neither deficient performance nor actual prejudice under *Strickland*.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

39

S.    Venireperson's Impartiality

Petitioner argues that trial counsel failed to ask venire person Robert Cessna if his personal relationship with the presiding judge would have affected his ability to be a fair and impartial juror.

Nothing in the record shows that Cessna had any type of a personal relationship with the presiding judge. Neither petitioner nor the record evinces grounds for counsel to have questioned Cessna's impartiality. Petitioner's speculative, conclusory, and unsupported allegations are insufficient to demonstrate ineffective assistance of counsel.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

T.    Making Improper Jury Arguments

Petitioner next claims that trial counsel incriminated petitioner during closing arguments and emphasized that he had not testified. In his first of two instances, petitioner refers to trial counsel's statements that,

> [The Defendant] has to intentionally or knowingly, knowingly, know the gun is there and possess it. Have custody, control or management or care of that item. Okay? And they just haven't met that burden as to the possession.
>
> Let's go through some of what they have and what they don't have. There's no testimony from David – no testimony at all through this entire trial from any witness, my side or their side, that David ever handled that gun. Not a single witness.

40

> There's no statement from David saying that he ever possessed that gun. Monishia Campbell never stated that he possessed the gun.

4 R.R. 170, and 175. Petitioner is incorrect in arguing that counsel had been commenting on his decision not to testify; to the contrary, counsel had been referring to the fact that no one – including petitioner – told the officers at the scene that it was petitioner's gun. Trial counsel was emphasizing for the jury that no witnesses testified that petitioner had handled or owned the gun. Counsel's pointing out the holes and flaws in the State's case was reasonable trial strategy, not error or deficient performance.

In his second instance, petitioner complains that trial counsel admitted petitioner's guilt when he suggested that any convicted felon would deny ownership of a potentially incriminating item. Counsel's actual statements are as follows:

> They're going to talk about David's coat, you know, him saying that's not his. Think about this. You've got a convicted felon. He's in a police car, just like Monishia, in handcuffs. Officer comes up with a coat, "Hey, is this yours?"

> What do you think he's going to say? The officer wouldn't be bringing a coat unless he found something in the coat, right? So, is it shocking that he would say that's not my coat? No. And the coat isn't the issue. It's the gun. They cannot connect him to the gun in any way.

4 R.R. 175.

Trial counsel was in an unenviable position during closing argument of having to reconcile for the jury the seemingly contradictory statements petitioner made at the scene. On the one hand, petitioner's primary defense at trial was that he was unaware of the gun, did not own the gun, and did not have legal possession of it. On the other hand, the gun was

found inside a jacket that Campbell told officers belonged to petitioner. Campbell disavowed ownership or possession of the gun at the scene, but did not say it belonged to petitioner. However, without mentioning the gun, officers asked petitioner if the jacket belonged to him. He told them it was not his jacket. The State had pointed out that petitioner had no reason to deny owning the jacket if he had truly been unaware of the gun it held. It was necessary for trial counsel to give the jury a plausible explanation for petitioner's behavior, and he did so by suggesting that the officer's question raised petitioner's suspicions, and that petitioner found it safer to deny ownership of the jacket than to walk unknowingly into a possible trap. Contrary to petitioner's arguments, trial counsel's closing argument strategy did not acknowledge petitioner's guilt. Petitioner fails to rebut the strong presumption that, under the circumstances, counsel's trial strategy was reasonable. *See Strickland*, 466 U.S. at 689 (stating that a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy).

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

U.  Denial of Confrontation

Petitioner complains that he was denied the right to confront and cross examine the confidential informant/tipster who informed the authorities of his location and the officer

42

who prepared the first vehicle inventory report. He argues that counsel failed to object to the absence of these individuals at trial.

As correctly stated by respondent, petitioner was not entitled to confront the confidential informant, as the State did not use any of the informant's statements at trial. Moreover, the State was not required to disclose the identity of a confidential informant who was merely a "tipster." *See United States v. Potwin*, 136 F. App'x 609, 611 (5th Cir. 2005); *see also Washington v. State*, 902 S.W.2d 649, 657 (Tex. App. – Houston [14th Dist.] 1995, pet. ref'd ). The informant did nothing more than report the location of petitioner and Campbell and describe the vehicle they were in; no information regarding petitioner's possible commission of a crime was provided.

Nor does petitioner demonstrate the violation of his confrontation rights as to the officer who completed the first inventory form. The officer's testimony was never offered by petitioner or the State. Moreover, petitioner fails to allege, much less show, how the officer's testimony would have been beneficial to his defense. It was uncontroverted that the gun did not appear on the form. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir.1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness[.]").

The state court denied  habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was

an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## VIII.   INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Persons convicted of a crime are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). This Court reviews counsel's appellate performance under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). Petitioner must allege and present facts showing that his appellate counsel's representation was deficient and that the deficient performance caused him prejudice. That is, petitioner must show that, but for appellate counsel's deficient performance, the outcome of the appeal would have been different. *See Strickland*, 466 U.S. at 687–88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available non-frivolous ground for appeal. *Evitts*, 469 U.S. at 394. Nor will counsel be deficient for failing to press a frivolous point. Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Evitts*, 469 U.S. at 394. A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *Strickland*, 466 U.S. at 690–91.

Petitioner complains that appellate counsel was ineffective in failing to provided a complete record on appeal and in failing to request a hearing on the motion for new trial.

Appellate counsel filed the following affidavit on state collateral review:

44

I was appointed counsel for David Greer on his appeal of Cause No. 12-03324-CRF-272-A.

I am making this affidavit pursuant to the order of the Judge of the 272nd District Court, the Honorable Travis B. Bryan, III.

I have been licensed to practice law in Texas since November, 1980. From 1980 until 1993, I worked in private practice in Harris County, exclusively doing criminal defense work. Since 1993, I have been engaged in private practice in Washington, Brazos and surrounding counties. I have authored over 100 appellate briefs.

On June 1, 2014, Applicant filed a post-conviction writ of habeas corpus alleging several grounds for relief, including several grounds alleging that my performance as his appellate attorney was deficient. In preparing this affidavit, I have reviewed the following: the application, my file and the reporter's record for this case.

Applicant claims in his fourteenth and fifteenth ground of error that I provided ineffective appellate counsel. Specifically, Applicant alleges that I:

> a) failed to file an affidavit in support of the motion for new trial; and
>
> b) failed to bring forth issues specifically requested by Applicant as grounds for motion for new trial: that counsel was ineffective for not allowing Applicant to view videos pretrial and that the leather jacket would not fit Applicant.

As I understand it, Appellant's complaint in sub-point 'a' is that I failed to file an affidavit in support of the motion for new trial setting out Applicant's complaints about his trial counsel set out in his sub-point 'b.' Based upon my understanding of the trial testimony at the time I was initially appointed and before the record was provided to me, it was not my professional opinion that trial counsel had provided ineffective assistance of counsel in either regard. After having the opportunity to read the record, my opinion was still, and is still, that trial counsel's performance in regard to the jacket was not ineffective. Applicant's specific complaint was that trial counsel should have had him try the jacket on before the jury to demonstrate that the jacket, which was a size 1x large, was too small for him. The testimony of law enforcement was that the weapon that Applicant was charged with possessing was found in

45

the pocket of that jacket, which had been found in the vehicle Applicant was driving, a vehicle owned by his father. However, the position taken by the defense was that the weapon belonged to Ms. Campbell, his only passenger and girlfriend. Ms. Campbell was called as a witness by the defense at trial. While she denied knowledge or ownership of the weapon at the scene, Ms. Campbell testified before the jury that it was her gun but the jacket in question was a gift to Applicant by his mother. In my professional opinion, any attempt to undermine this testimony would have been detrimental to the defense. Appellant chose not to testify at trial. I certainly did not and do not see that Mr. Gray's performance in this regard was ineffective.

Likewise, Applicant's claim – that had he viewed the videos earlier in the proceeding he 'possibly' [may] have agreed to a plea of guilty and Mr. Gray was therefore ineffective – was in my view also without merit. Applicant did not allege either that Mr. Gray failed to view the videos and prepare accordingly or that Applicant was surprised in any way by what was depicted in the video of the his arrest, [and/or] that he had ever considered pleading during trial. He also did not contend that he ever communicated to Mr. Gray a possible willingness to plead guilty upon viewing the videos, or at any other stage in the trial. In my professional opinion, ineffective assistance of counsel on these points was not raised.

(Docket Entry No. 17-14, pp. 11–13.)

The trial court on collateral review found that petitioner's application for habeas relief was non-compliant, and the Texas Court of Criminal Appeals subsequently denied habeas relief. Thus, the state court denied the merits of petitioner's claims of ineffective assistance of appellate counsel.

In her affidavit, appellate counsel sets out specific and reasonable explanations for her actions on appeal, and petitioner does not rebut the strong presumption that counsel's professional decisions were the product of a reasoned appellate strategy. Nor does he

46

demonstrate that, but for counsel's failure to raise these issues on appeal, there is a reasonable probability that he would have prevailed on appeal.

Moreover, this Court has already rejected petitioner's arguments that he was denied a complete record on appeal. Petitioner establishes neither deficient performance nor actual prejudice under *Strickland*.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

## IX.  CONCLUSION

The motion for summary judgment (Docket Entry No. 20) is **GRANTED** and this habeas lawsuit is **DISMISSED WITH PREJUDICE**. Any and all other pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on _____NOV 0 2 2016_____.


ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE